ROBERTS, Chief Justice.
These causes are before us on Suggestion for Writ of Prohibition seeking to restrain the exercise of further jurisdiction over petitioners by respondents, who are Circuit Judges of the Second Judicial Circuit in whose court cases against petitioners on criminal charges are presently pending.
Both petitioners are charged with non-capital felonies and contend that, since the enactment of Chapter 71 — 475, Laws of Florida, which became law on June 30, 1971, creating a Felony Court of Record in Leon County, they cannot be tried in the Circuit Court. No judge has been appointed to the new court, so it is not yet in operation.
The question presented is whether the Circuit Court in and for Leon County and respondents are divested of jurisdiction to try non-capital cases in the interim be *852 tween the effective date of the act establishing the Felony Court of Record and the appointment of a judge to that court.
Oral argument is dispensed with pursuant to Rule 3.10(e), Florida Appellate Rules, 32 F.S.A.
We find the answer to the question here presented in Section 14 of Chapter 71-475, which provides:
“All criminal cases within the jurisdiction of the felony court of record pending in the circuit court of Leon County at the time of the activation of the felony court shall be transferred to the felony court of record.” (emphasis supplied)
The new court was created, for purposes of jurisdiction, on June 30, 1971, when Chapter 71-475 became law, but the court has not yet been “activated” by the appointment of a judge. In State v. Sullvan, 95 Fla. 191, 202, 116 So. 255, 262 (1928), this Court said:
“We cannot conceive of a court without a judge and jurisdiction to hear and determine matters properly presented to it. A judge and jurisdiction are in other words the necessary legal prerequisites to constitute a court, and stripped of them it would be a nonentity.” (emphasis supplied)
We note some confusion is created by the language in Section 2 of the Act conferring jurisdiction of “all non-capital criminal cases.” Under the doctrine of ejusdem generis the broader language of Section 2 is limited by Section 1 of the Act which designates the court as the “Felony Court of Record of Leon County,” so that the court’s jurisdiction is taken to be of all non-capital felonies which arise in Leon County. Nothing herein, however, shall be deemed to diminish the right of transfer and assignment as provided for under the rules of this Court.
The Felony Court of Leon County is a statutory court created under the authority of Section 1, Article V, of the Florida Constitution, F.S.A. and is to be distinguished from a constitutional criminal court of record as authorized in Section 9 of the same Article.
We hold, therefore, that the Circuit Court of Leon County, until the activation of the Felony Court of Record by the appointment of a judge, has jurisdiction of the cases sub judice.
Accordingly, the Suggestions for Writ of Prohibition are denied and the causes dismissed.
It is so ordered.
ERVIN, CARLTON, ADKINS and BOYD, JJ., concur.